UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

June Williams,

Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 00-2256(MJD/SRN)

The Thomson Corporation, Thomson Publishing Corporation, West Publishing Company, d/b/a West Legal Publishing d/b/a West Group, Brian Hall, Andrew Prozes, Timothy J. Blank, Jeannine Bieter, Lea Harpster a/k/a Lea Walstrom, Kevin Appold, Kay Engler and Kirk Emmen,

Defendants.

---

Plaintiff is pro se.

Patricia A. Bloodgood, and Susan E. Ellingstad, Lockridge Grindal Nauen P.L.L.P. for and on behalf of Defendants.

---

Plaintiff was employed by Defendant West Publishing Corporation ("West")as a Reference Attorney from May 2, 1994 until February 4, 1998. On July 31, 1998, she filed an administrative complaint with the Office of Federal Contract Compliance Programs ("OFCCP"), which is a division of the Department of Labor. In that complaint, Plaintiff alleged that she was discriminated against on the basis of race, sex, religion and disability by West. The OFCCP transferred this complaint to the Milwaukee Office of the EEOC. The EEOC investigated the claims and issued a Dismissal and Right to Sue Letter on June 17, 1999. This action was filed in the

FILED AUG 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

United States District Court, District of Ohio on October 21, 1999. The case was later transferred to this District, by motion of the Defendants.

Currently before the Court is Defendants' motion to dismiss certain claims in the Complaint, for lack of subject matter jurisdiction, failure to state a claim and because certain claims are time-barred. Plaintiff is pro se, and did not file a response until May 10, 2001, one day prior to the hearing. Because Plaintiff did not request an extension of time to file her response, and because her response is untimely, the Court will grant Defendants' motion to strike her responsive brief. Based on the submissions of Defendants, the Court will grant the motion to dismiss, except as to the claim for trespass as alleged in Count Nineteen.

1. Count 10 – Age Discrimination

Defendants assert that Plaintiff's age discrimination claim must be dismissed, as Plaintiff failed to plead that she was over forty or that she was discriminated against on the basis of her age. Rather, in her Complaint, Plaintiff merely alleges that only those under 40 were promoted. Complaint ¶ 81. Defendants also assert that this claim must be dismissed for failure to exhaust administrative remedies because age discrimination was not alleged in the administrative complaint.

The Age Discrimination in Employment Act ("ADEA") provides that a civil action may not be commenced until 60 days after a charge has been filed with the EEOC. 29 U.S.C. § 626(d)(1). Accordingly, failure to file an administrative charge alleging age discrimination warrants dismissal of such claim. Oscar Mayer & Co. v. Evans, 441 U.S. 750 (1979). The Court has reviewed Plaintiff's administrative complaint, and finds no mention, either on the front of the form or in the narrative

attached, of an age discrimination claim. Plaintiff complains that the form did not provide a place to check age discrimination, yet the form does provide for space to write in additional grounds of alleged discrimination in the space marked "other." On page 6 of the narrative, Plaintiff does state that she is over 40 years of age, but does not state or infer that she was discriminated on the basis of age. Accordingly, this claim will be dismissed for failure to file an administrative claim. McKenzie v. Lunds, Inc., 63 F. Supp. 2d 986, 996-997 (D. Minn. 1997)(listing cases).

2. Count Five – Breach of Covenant of Good Faith and Fair Dealing

Plaintiff alleges in her Complaint "[t]hat defendants had an affirmative duty and covenant of good faith and fair dealing and decency in the performance of their business dealings with [] the enforcement of their contract with plaintiff." Complaint ¶ 52. Minnesota does not recognize a cause of action for breach of good faith and fair dealing. Hunt v. IBM Mid-America Employee Fed. Credit Union, 384 N.W.2d 853, 858 (Minn. 1986). Dismissal of this claim is therefore appropriate.

3. Count Six – Interference with Contractual Relations

In Count Six of her Complaint, Plaintiff alleges that agents, servants, licensees and/or employees of Defendants interfered with the contracts and agreements between Plaintiff and several Minnesota legal placement and insurance companies. Complaint ¶ 57. Defendants argue for dismissal on the basis that Plaintiff failed to allege sufficient facts to show that she is entitled to relief or to put Defendants on notice as to the basis of her claims. The Court agrees that the Complaint is insufficient as to this claim. Plaintiff does not identify or reference the specific contracts at issue, nor does she identify who did what to interfere with such alleged contracts.

Accordingly, dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure is appropriate.

4. Count Seven – Negligent Hiring and Retention

Plaintiff alleges that Defendants employed the individually named Defendants "despite its actual knowledge of the racist attitudes and views of said employees, and did condone, ratify and otherwise encourage said racist and discriminatory employment practices. . . " Complaint ¶ 62. It is Defendants' position that the negligent hiring and retention claims should be dismissed because such claims are based solely on claims of race discrimination. Thus, they are preempted by the MHRA.

In Minnesota, a plaintiff may bring claims under the MHRA and common law negligence at the same time, arising from the same facts, but the negligence claims must be founded on a duty independent from those imposed by the MHRA. Vaughn v. Northwest Airlines, Inc., 558 N.W.2d 736, 744-45 (Minn. 1997)); Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 378-379 (Minn. 1990)(court allowed the maintenance of parallel claims because it found that the MHRA was not designed to address the harm addressed by a common law battery). In Williams v. St. Paul Ramsey Medical Center Inc., 551 N.W.2d 483 (Minn. 1996), the Court further explained that a plaintiff may maintain a MHRA claim and a parallel common law battery claim arising from the same set of facts "because these separate causes of action require different elements and address different injuries." Id. at 486. In Moss v. Advance Circuits, Inc., 981 F. Supp. 1239 (D. Minn. 1997), a federal court applying Minnesota law held that the asserted negligent supervision and retention claims were preempted

by the MHRA, because such claims were based solely on the employer's conduct after it became aware of allegedly discriminatory conduct. Id. at 1252. "Unlike Vaughn and Wirig, therefore, there is no distinction in duties owed between the MHRA and common law claims." Id.

This Court similarly finds no distinction between the duties owed Plaintiff under her negligence claims and those duties owed her under the MHRA. As is clear from the Complaint, the negligence claim is based solely on West's alleged knowledge that individual employees committed discriminatory acts against Plaintiff. Accordingly, the Court agrees that preemption of the negligent hiring and retention claims is appropriate.

Further, to succeed on this claim, Plaintiff must allege that West employees "had 'known dangerous propensities' that posed a threat of harm to the Plaintiff." McKenzie v. Lunds, Inc., 63 F. Supp. 2d 986, 1007 (D. Minn. 1999). Plaintiff does not allege that West employees threatened her with physical harm, or that such employees actually physically harmed her. Rather, she alleges only that West employees engaged in discriminatory and offensive behavior. Accordingly, dismissal of the negligent hiring and retention claims must be dismissed.

5. Count Thirteen - Negligent Supervision

Plaintiff's claim of negligent supervision is based upon her allegations that West knowingly imposed unlawful performance standards for the reference attorney position, and that such standards caused Plaintiff serious physical injury. Complaint ¶ 103. Defendants argue that this negligence claim is also preempted – in this case by the Worker's Compensation Act. The Worker's Compensation Act provides the

exclusive remedy to an employee that suffered an injury that arose out of and in the course of employment, for which the assault exception does not apply. Foley v. Honeywell, Inc., 488 N.W.2d 268, 273 (Minn. 1992). In this case, Plaintiff alleges that she suffered injuries due to performance standards imposed upon her as a reference attorney. The Court finds that such alleged injuries would be compensable under the Worker's Compensation Act, therefore such Act provides the exclusive remedy for such injuries. Plaintiff's negligent supervision claim must be dismissed.

6. Count Fourteen – Minnesota Human Rights Act

In Count Fourteen of the Complaint, Plaintiff asserts claims of race, religion and gender discrimination under the MHRA. Specifically, she alleges that she was fired because she opposed and reported discriminatory practices prohibited by the MHRA. Complaint ¶ 107. Defendants argue that these claims are time-barred as Plaintiff did not file a charge with the MDHR nor did she file suit within one year of the alleged violation, as required pursuant to Minn. Stat. § 363.03, Subd. 1 and 3.

Plaintiff was terminated on February 4, 1998, but suit was not filed until October 21, 1999. Plaintiff did file a complaint with the OFCCP, but the record contains no indication that such complaint was ever cross-filed with the Minnesota Department of Human Rights. Even if Plaintiff's administrative complaint had been cross-filed, Plaintiff was further required to file suit within 45 days of receiving the commissioner's findings. Minn. Stat. § 363.14, subd. 1(1). Plaintiff received her right to sue letter on July 23, 1999, but suit was not filed until October 21, 1999, more than 45 days later. Accordingly, the Court finds that Plaintiff's claims of race, religion and gender discrimination under the MHRA are time-barred.

7. Count Fifteen – Disability Discrimination

Plaintiff has also asserted a claim of disability discrimination, asserting she was discriminated against in the receipt of retirement benefits on the basis of her association with a disabled person. Complaint ¶ 113. Plaintiff does not, however, identify who such disabled person is, or provide any other factual basis for the claim. Accordingly, this claim will be dismissed as failing to comply with Fed.R.Civ.P. 8(a).

8. Count Eighteen - Battery

Plaintiff has also asserted a claim for battery, based on the allegations that after she was fired on February 4, 1998, she was attempting to remove her personal property from the premises by loading them onto a cart. Plaintiff alleges that her supervisor, Jeannine Bieter, seized the cart away from Plaintiff causing injury to the Plaintiff's fingers, including the breaking of fingernails. Plaintiff further alleges that Ms. Bieter then pulled the cart into her office and kept Plaintiff and her cart in her office for a period of time. Complaint ¶ 126.

Defendants argue that this claim is governed by Ohio law, and that Ohio provides for a one-year statute of limitations for battery claims. See Ohio R.C. § 2305.11. Because Plaintiff filed this action more than one year after the alleged battery took place, Defendants assert that it is barred by the statute of limitations.

In the case of transfer, the Supreme Court has directed the transferee courts to apply the state law that would have applied had there been no transfer. Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). "A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." Id. Ohio law provides that its statute of limitations is applicable, even though its substantive law

does not govern. Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). Accordingly, the Court finds that application of Ohio law results in the determination that Plaintiff's battery claim is time-barred.

9. Count Nineteen - Trespass

Plaintiff has also asserted a claim for trespass based on the allegations that Ms. Bieter forced Plaintiff and her possessions into her office. Complaint ¶ 129. A trespass claim has two essential elements: a rightful possession in the plaintiff and unlawful entry upon such possession by the defendant. Citizens for a Safe Grant v. Lone Oak Sportmen's Club, Inc., 624 N.W.2d 796, 804 (Minn. Ct. App. 2001). Plaintiff has alleged these elements, and has alleged that she suffered damages as a result of Ms. Bieter's trespass. Accordingly, Defendants' motion to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

10. Count Two and Eleven – Title VII and the ADA

As to Plaintiff's claim under Title VII, Defendants move to dismiss to the extent such claims are asserted against individual employees. The Eighth Circuit has held that Title VII does not impose liability upon individuals. Roark v. City of Hazen, Ark., 189 F.3d 758 (8th Cir. 1999). Similarly, the ADA does not recognize individual liability. See, Alsbrook v. City of Maumelle, 184 F.3d 999, 1004 n. 8 (8th Cir. 1999); Longstreth v. Copple and MCI Telecommunications Corporation, 101 F. Supp. 2d 776, 780 (N. D. Iowa 2000); Meara v. Bennett, 27 F. Supp. 2d 288 (D. Mass. 1998). Accordingly, Plaintiff's claims under Title VII and the ADA asserted against individual employees are dismissed.

11. Count Four – Breach of Employment Contract

Defendants further move to dismiss Plaintiff's breach of contract claim against the individually named defendants, as there is no allegation that these individual defendants entered into contracts with Plaintiff. Also, Defendants move to dismiss Plaintiff's claims for punitive damages under the breach of contract claim, as punitive damages are not allowed in breach of contract claims in Minnesota. Pine Valley Meats, Inc. v. Canal Capital Corp., 566 N.W.2d 357, 364 (Minn. Ct. App. 1997). Because Minnesota does not allow for punitive damages for a breach of contract claim, the claim for punitive damages in Count Four will also be dismissed.

12. Thomson Publishing Corporation

Finally, Defendants argue that Thomson Publishing Corporation should be dismissed entirely as Plaintiff has failed to include any allegations against this entity in the Complaint, nor has she alleged that the Thomson Publishing Corporation is her employer. The Court has reviewed the Complaint and finds that no allegations have been asserted against Thomas Publishing Corporation. Such defendant will be dismissed from this case.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Counts Five, Six, Seven, Ten, Thirteen, Fourteen, Fifteen and Eighteen is GRANTED. The individual defendants are hereby dismissed from Counts Two, Four and Eleven, the claim for punitive damages is hereby dismissed from Count Four and The Thomson Publishing Corporation is DISMISSED as a defendant from all Counts.

Date: August 13, 2001

Michael J. Davis
United States District Court