# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-2395
00-2256 MJD/SRN

June Williams,

Appellant,

v.

The Thomson Corporation; Thomson Publishing Corporation; West Publishing Company, doing business as West Legal Publishing, doing business as West Group; Brian Hall; Andrew Prozes; Timothy J. Blank; Jeannine Bieter; Lea Harpster, also known as Lea Walstrom; Kevin Appold; Kay Engler; Kirk Emmen,

Appellees.

Appeal from the United States District Court for the District of Minnesota.

[PUBLISHED]

---

Submitted: May 14, 2004
Filed: August 25, 2004

---

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

---

PER CURIAM.

June R. Williams was terminated on February 4, 1998, after four years of working as a reference attorney for the Westlaw division of West Group. Following

SCANNED
OCT 25 2004
U.S. DISTRICT COURT MPLS

her termination, Williams lodged a complaint against Westlaw with the Office of Federal Contract Compliance Programs, alleging that she was discriminated against on the basis of her race, sex, religion, and disability. Williams's complaint was referred to the Equal Employment Opportunity Commission (EEOC), which mailed a right-to-sue letter to her on-file address on June 17, 1999. Williams filed suit against West Publishing Corporation, The Thomson Corporation, several of Thomson's subsidiaries, and various West employees on October 21, 1999, in the United States District Court for the District of Ohio, advancing claims under Title VII, 42 U.S.C. § 1981, the Americans with Disabilities Act (ADA), the Equal Pay Act, the Fair Labor Standards Act, the Minnesota Whistleblower's Act, and the Family Medical Leave Act. The district court in Ohio granted the defendants' motion to transfer the case to the District of Minnesota. After the case was transferred, the defendants moved for summary judgment, urging the district court[1] to dismiss several of the claims as time-barred and to dismiss the remaining claims on the merits. The court granted the motion and Williams now appeals. After carefully reviewing the record before us, see McKay v. United States Dep't of Transp., 340 F.3d 695, 697 (8th Cir. 2003) (applying de novo review to an appeal from a grant of summary judgment), we affirm.

We agree with the district court that Williams's Title VII and ADA claims are time-barred, see 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (applying the 90-day statute of limitations to ADA claims); Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949, 309 F.3d 1051, 1054 (8th Cir. 2002) (affirming the dismissal of Title VII claims as untimely because they were filed more than 90 days after the issuance of the right-to-sue letter). Williams's explanation that she did not read the right-to-sue letter until two weeks after it arrived at her forwarding address, does not save her claims from being time-barred. Hill v. John Chezik Imps., 869 F.2d

[1]The Honorable Michael J. Davis, United States District Court Judge for the District of Minnesota.

1122, 1124 (8th Cir. 1989) ("Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC."); St. Louis v. Alverno Coll., 744 F.2d 1314, 1317 (8th Cir. 1984). Additionally, Williams's argument that the district court was bound by the law of the case doctrine because the Ohio court ordered her case transferred, as opposed to dismissing her claims as untimely, is incorrect. See Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs., Co., 48 F.3d 1066, 1070 (8th Cir. 1995) ("[T]he doctrine of law of the case is applicable only to final judgments, not to interlocutory orders."); United States Fire Ins. Co. v. Am. Family Life Assurance Co., 787 F.2d 438 (8th Cir. 1986) (per curiam) (holding that an order transferring the case to another district court is an interlocutory order).

Furthermore, the district court was correct to conclude that the facts of this case do not warrant an equitable tolling of the statute of limitations. See Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands."). Williams failed to update her address with the EEOC when she moved to Ohio in the beginning of June, despite her pending appeal with the EEOC and her awareness that the EEOC intended to issue her a right-to-sue letter. See Hill, 869 F.2d at 1124 (finding that equitable tolling was not appropriate when the plaintiff did not inform the EEOC of her new address); 29 C.F.R. § 1601.7(b) (stating that a party who has a complaint pending with the EEOC has "the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address"). Additionally, even if Williams's claims were not time-barred, she has not adduced any evidence to show that West's legitimate reasons for denying her promotions, and eventually terminating her, were pretextual. See Brooks v. Ameren UE, 345 F.3d 986, 988 (8th Cir. 2003) (affirming summary judgment when the employer offered a nondiscriminatory reason for denying plaintiff the promotion and plaintiff could not offer proof of pretext); Edmund v. MidAmerican Energy Co., 299 F.3d 679, 685 (8th Cir. 2002) (finding that plaintiff

must do more than "raise doubts about the wisdom and fairness of the opinions of him held by his superiors and his fellow employees" to survive a summary judgment motion).

We also find that the district court did not abuse its discretion in striking Williams's affidavit in support of her opposition to the defendant's motion for summary judgment. See Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) ("We review the district court's application of its local rules for an abuse of discretion."). Based on her pattern of late filings, the court was well within its discretion to strike the document; especially considering her affidavit merely repeated the allegations contained in her complaint. See African Am. Voting Rights Legal Def. Fund, Inc. v. Villa, 54 F.3d 1345, 1350-51 (8th Cir. 1995) (finding no abuse of discretion when the district court refused to admit materials submitted in violation of local rules).

As to Williams's remaining claims, we find that the district court correctly applied the summary judgment standard by resolving all doubt in Williams's favor. For the reasons aptly stated by the district court, we find that Williams failed to raise any triable issues, thereby entitling the defendants to summary judgment.

Accordingly, we affirm. See 8th Cir. R. 47B.

______________________________

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

October 22, 2004

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

RECEIVED
BY U.S. MAIL
2004 OCT 25 AM 9:28
CLERK, U.S. DIST COURT
MINNEAPOLIS, MN

Re: 03-2395 June Williams vs. The Thompson Corp.

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Michael E. Gans
Clerk of Court

dms

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---

cc: Honorable Michael J. Davis
William D. Bell Sr.
George Lewis May
June Williams
Patricia A. Bloodgood
Susan E. Ellingstad

District Court/Agency Case Number(s): CIV 00-2256 MJD/SRN